UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILL MEADOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV322 TIA |
| ) | |
| JAY CASSADY,[1] ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Bill Meador's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed February 22, 2011/Docket No. 1). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On March 16, 2005, a jury found Petitioner guilty of involuntary manslaughter in the first degree and assault in the second degree. (Legal File, Resp. Exh. B at 30). On June 3, 2005, the Circuit Court of Montgomery County, Missouri sentenced Petitioner as a persistent offender to two terms of fifteen-years imprisonment to be served consecutively. (Id. at 40-41, 66-68). Petitioner filed a notice of appeal on August 3, 2005. (Id. at 69). On October 31, 2006, the Missouri Court of Appeals affirmed Petitioner's convictions and sentence finding that the trial court did not err in failing to grant him a new trial or in admitting the results of his blood test. (State v. Meador, 204 S.W.3d 690 (Mo. Ct. App. 2006); Resp. Exh. E). The Missouri Court of Appeals issued its mandate on November 27, 2006. (Resp. Exh. F).

---

[1]Petitioner is presently incarcerated at the Jefferson City Correctional Center ("JCCC") in Jefferson City, Missouri. Inasmuch as Jay Cassady is superintendent of JCCC and thus is Petitioner's custodian, he should be substituted for Dave Dormire as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

On February 21, 2007, counsel filed a Motion to Vacate, Set Aside or Correct the Judgment pursuant to Rule 29.15. (Resp. Exh. H at 5-9). On March 23, 2009, the post-conviction motion court denied relief holding his claims to be without merit. (Id. at 33-40). On appeal, Petitioner failed to raise on appeal the issues asserted in his motion for post-conviction relief and so the Court of Appeals found he waived his right to appellate review of such issues in the April 13, 2010 Order. (State v. Meador, 308 S.W.3d 264 (Mo. Ct. App. 2010); Resp. Exh. K). The Missouri Court of Appeals issued its mandate on May 10, 2010. (Resp. Exh. L). Petitioner pursued no other action for review of his convictions and sentence in state court.

On May 26, 2010, Petitioner filed a Missouri Rule 91 habeas petition raising three grounds for relief: his trial counsel was ineffective in failing to call an accident reconstruction specialist; the trial court erred by denying his motion for independent laboratory analysis of his blood sample; and his blood was withdrawn without a valid search warrant. (Meador v. Dormire, Case No. 10AC-CC00378, Missouri Case.Net at https://www.courts.mo/gov/casenet; ECF No. 1, at 4). On August 10, 2010, the Cole Circuit Court took the cause under advisement, and on August 11, 2010, the court denied the petition for writ of habeas corpus. (Id.).

On February 22, 2011, this Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's petition should not be granted. In response, Respondent contends that the grounds for relief in the petition are either procedurally barred, not cognizable in federal habeas proceedings, or without merit. The instant petition for writ of habeas corpus was filed on February 22, 2011.

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of Montgomery County, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises three grounds for relief:

(1) That his trial counsel was ineffective inasmuch as he failed to call an accident reconstruction specialist as a witness;

(2) That the trial court erred by denying his motion for independent laboratory analysis of his blood sample; and

(3) That his blood was withdrawn without a valid search warrant.

Respondent contends that the unexhausted grounds are procedurally defaulted. Alternatively, Respondent argues that one claim is not cognizable and other claim lacks merit.

## I. Non-Cognizable Claim

In his third ground for relief, Petitioner claims that his blood was withdrawn without a valid search warrant.

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach the level of "constitutional magnitude" cannot be addressed in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. There is no constitutional right to an attorney in state post-conviction proceedings. Coleman v. Thompson, 502 U.S. 722, 750 (1991); citing Pennsylvania v. Finley, 481 U.S. 551 (1987). A petitioner cannot, therefore, claim that he received constitutionally ineffective assistance of counsel in such proceedings. Coleman, 501 U.S.

at 750; citing Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel, there can be no claim of deprivation of effective assistance).

Petitioner's instant claim that his blood was drawn without a valid search warrant implicates the Fourth Amendment. A claim that a conviction was based upon evidence obtained pursuant to an illegal search and seizure is not cognizable in a federal habeas proceeding where the petitioner had an opportunity to litigate the matter in a pre-trial suppression hearing. See Palmer v. Clarke, 408 F.3d 423, 437 (8th Cir. 2005) ("A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide "an opportunity for full and fair litigation of [the] claim." (quoting Stone v. Powell, 428 U.S. 465, 494 (1976). "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.'" Chavez v. Weber, 497 F.3d 796, 802 (8th Cir. 2007) (quoting Capellan v. Riley, 975 F.2d 67, 71 (2nd Cir. 1992)). "The federal courts on habeas review of [Fourth Amendment] claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994).

Petitioner filed a motion to quash search warrant and to suppress evidence at the state court level. (Resp. Exh. B at 61-63). Petitioner sought to suppress the blood sample taken from him inasmuch as the search warrant was illegally and improperly issued. (Id.). After a hearing on the motion, the Circuit Court denied the motion to suppress. (Resp. Exh. A, Vol. I at 10-13). Therefore, the record establishes that Petitioner had an opportunity to full and fair litigation of his claim, and his Fourth Amendment ground for relief is not cognizable in this § 2254 proceeding. Palmer, 408

F.3d at 437. As such, the claim raised in Ground three of the instant petition is not cognizable in these proceedings, and should be denied.

## II. Exhaustion of Remedies and Procedural Bar

As to the ineffective assistance of counsel claim in Ground one, Respondent argues that the claim may not be considered in this federal habeas proceeding because Petitioner did not present it in his post-conviction relief motion.

A state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In Missouri, a post-conviction proceeding is the exclusive procedure for pursing ineffective assistance of counsel claims in state court, and successive post-conviction motions are not permitted. Mo. S. Ct. Rule 29.15(a) and (1); Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). Moreover, the Missouri Supreme Court Rules expressly provide for an appeal from a post-conviction motion court's ruling. Mo. S. Ct. Rule 29.15(k). A federal habeas court may be precluded from considering the merits of a claim procedurally defaulted due to a failure to include the claim in a post-conviction appeal. Turnage v. Fabian, 606 F.3d 933, 936, 940-42 (8th Cir. 2010) (not addressing the merits of a federal claim that had not been fairly presented in a brief to the state supreme court after the denial of post-conviction relief); Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (not addressing the merits of a claim that the petitioner had not pursued on appeal from the denial of post-conviction relief), cert. denied, 131 S. Ct. 1574 (2011); Smith v. Jones, 923 F.2d 588, 589 (8th Cir. 1991) (noting that claims not presented to the Missouri courts, as well as those presented in post-conviction motions "and not appealed are procedurally barred"); Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir. 1988) (agreeing that a failure to pursue an "ineffective assistance of trial counsel claim on post-

conviction appeal ... created a procedural bar to federal habeas review of that issue."). The ineffective assistance of counsel claim presented as Petitioner's Ground one was not pursued by Petitioner in his post-conviction relief motion. Because Petitioner may not present this ground for relief in a successive post-conviction motion or appeal therefrom, the claim is procedurally defaulted. Skillicorn v. Luebbers, 475 F.3d 965, 976 (8th Cir. 2007) ("Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted.").

A review of the record shows that Claimant failed to raise the claim in Ground two, the trial court erred by denying his motion for independent laboratory analysis of his blood sample on direct appeal or in his post-conviction relief motion. (Resp. C at 4, 8-14, Exh. E, Exh. H at 5-9). Therefore, his claim raised in Ground two is also procedurally defaulted.

In an effort to avoid the procedural default doctrine, Petitioner notes that he presented these claims in his state petition for writ of habeas corpus filed pursuant to Rule 91. Petitioner cannot overcome his default by presenting his claims in a state habeas petition inasmuch as he did not present the claims in either his direct or post-conviction appeals. See State ex rel Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) ("This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and post-conviction review of certain constitutional protections pursuant to Rules 29.15 and 24.035. ... [H]abeas corpus, however, was [not] designed for duplicative and unending challenges to the finality of a judgment."). The Eighth Circuit has consistently held that the presentation of the federal grounds in the state court petition for a writ of habeas corpus under Missouri Supreme Court Rule 91 does not satisfy the requirement that a petitioner properly present the merits of his federal grounds to the state trial and appellate courts.

See Storey v. Roper, 603 F.3d 507, 523 (8th Cir. 2010) (noting how the Eighth Circuit has held that "a Rule 91 habeas corpus petition cannot be used to raise a claim that was procedurally defaulted during the post-conviction process."); Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994); Byrd v. Delo, 942 F.2d 1226, 1232 (8th Cir. 1991) (finding on the basis of the United State Supreme Court precedent "there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue."); Roger v. Bowersox, 2008 WL 4790344, at *12 (E.D. Mo. Oct. 31, 20008). The Rule 91 state habeas petition cannot overcome the procedural default. See, e.g., Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996) ("there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue, 'because such a denial rests on the Missouri procedural rule that Rule 91cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief.'") (quoting Byrd, 942 F.2d at 1232); Charron v. Gammon, 69 F.3d 851, 857 (8th Cir. 1995). As such, the claims in Grounds one and two are procedurally defaulted.[2]

Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of claims procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claims in state court. Sawyer v. Whitley, 505 U.S. 333, 338 (1992). Therefore, for this Court to address the merits of the two procedurally defaulted claims, Petitioner must show cause and prejudice or a miscarriage of justice for the failure to properly pursue the claims in state court. See Id.

---

[2]Claimant's reliance on Polson v. Bowersox, 595 F.3d 873, 875 (8th Cir. 2010) is misplaced inasmuch as the case involves the tolling of the statute of limitations while Rule 91 proceedings were pending. The Polson Court found that the one-year statute is tolled while a properly filed Rule 91 proceedings are pending if the state habeas proceedings were filed before the expiration on the one-year limitation period set forth in 28 U.S.C. §2244(d)(1). Id.

"'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Petitioner has not shown any cause for his failure properly to present these two claims to the state courts. Because no cause has been established for Petitioner's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. Abdullah v. Groose, 75 F.3d 408, 413 (8th Cir. 1996).

Nonetheless, these defaulted claims for habeas relief may be reached, even in the absence of a showing of cause and prejudice, if Petitioner establishes that a failure to consider the claims' merits will result in a fundamental miscarriage of justice. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). A showing of actual innocence requires new evidence and a "show[ing] that 'it is more likely than not no reasonable juror would have convicted him in light of th[at] new evidence.'" Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists. For the foregoing reasons, the ineffective assistance of counsel claim set forth in Ground one and the trial court error in Ground two will be denied.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). The undersigned finds that reasonable jurists could not differ on any of Petitioner's claims, so the Court will deny a Certificate of Appealability on all claims. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Bill Meador's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this __19th__ day of March, 2014.

                                       /s/ Terry I. Adelman
                                       UNITED STATES MAGISTRATE JUDGE